UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv115-FDW

| TEON JAMELL WILLIAMS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| JOHN HERRING, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Teon Jamell Williams's amended pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 4). See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4, 28 U.S.C.A. foll. § 2254.

**I.     BACKGROUND**

Petitioner is a prisoner of the State of North Carolina, who, on January 10, 2014, was convicted in Iredell County Superior Court of two counts of possession with intent to manufacture, sell, or deliver a controlled substance, one count of maintaining a dwelling for the purpose of keeping or selling a controlled substance, and having attained the status of an habitual felon. State v. Williams, 774 S.E.2d 880 (N.C. Ct. App. 2015). He was sentenced to two consecutive terms of 90 to 120 months imprisonment. Id. at 883. He appealed.

On direct review, the North Carolina Court of Appeals vacated one of the convictions for possession with intent to manufacture, sell, or deliver a controlled substance, but otherwise found no error. Id. at 889. The conviction vacated by the appellate court accounted for one of the terms of imprisonment imposed by the trial court. Id. at 889 n.4. When the conviction was

1

vacated, that term of imprisonment likewise was vacated, leaving Petitioner to serve a single term of 90 to 120 months imprisonment for the other offenses. Id.

Petitioner did not seek discretionary review in the North Carolina Supreme Court. (Am. Pet. 2, Doc. No. 4.) Nor, as of the date he filed his Petition, has he sought post-conviction review in the Superior Court of Iredell County. (Am. Pet., supra, at 3.)

Petitioner filed his § 2254 habeas Petition when he signed and placed it in the prison mail system on August 17, 2015. (Pet. 16, Doc. No. 1.) He filed his amended Petition on September 11, 2015. (Am. Pet., supra, at 15.) He raises the following two claims: 1) the evidence used at trial violated his right to be free of unreasonable searches and seizures under the Fourth Amendment; and 2) the evidence used at trial was obtained in violation of N.C. Gen. Stat. § 15A-974. (Am. Pet., supra, at 17.) Petitioner acknowledges that neither of these claims was raised on direct appeal. (Am. Pet., supra, at 26.) Nor have they been raised in any state post-conviction proceeding. (Am. Pet., supra.)

## II.    DISCUSSION

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254. The statute requires that before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. § 2254(b)(1)(A).[1] To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fairly present a claim, a petitioner must provide the state courts "both the operative facts and the controlling legal principles" associated with the claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted). Moreover, a petitioner generally must present the claim to all appropriate state courts, including the highest appellate court established to review such a claim. See Boerckel, 526 U.S. at 845.

Petitioner concedes that he did not seek direct review of either of the claims raised herein. (Am. Pet., supra, at 26.) Nor has he sought post-conviction relief by way of a motion for appropriate relief in Iredell County Superior Court, see N.C. Gen Stat. § 15A–1411 et seq. (Am. Pet., supra.) Thus, Petitioner has failed to exhaust his state court remedies. The Court will dismiss this habeas petition without prejudice to re-filing upon proper exhaustion.

Petitioner is forewarned that a § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner's judgment of conviction became final on or about August 25, 2015.[2] See § 2244(d)(1)(A). Under the federal statute of limitations, Petitioner has until August 25, 2016 to timely file a properly exhausted § 2254 petition. See id. The statute of limitations will be tolled while a properly filed state post-conviction action, such as a motion for appropriate relief, is before the state courts. See § 2244(d)(2). Nevertheless, Petitioner must be mindful that the limitations period will otherwise run.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is **DISMISSED without prejudice** as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

---

[2] The North Carolina Court of Appeals issued its opinion July 21, 2015. Williams, 774 S.E.2d at 880. Petitioner then had thirty-five days to file a petition for discretionary review in the North Carolina Supreme Court. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). Petitioner did not seek discretionary review during that thirty-five-day time frame. Therefore, his conviction became final on August 25, 2015, when the time for seeking review expired. See § 2244(d)(1)(A); Gonzalez v. Thaler, 132 S.Ct. 641, 656 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.").

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: October 5, 2015

Frank D. Whitney
Chief United States District Judge